UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN MICHAEL WEMIGWAMS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

_____/

CRIMINAL CASE NO. 19-CR-20435
CIVIL CASE NO. 22-CV-10864

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE and MOTION TO APPOINT COUNSEL**
**(ECF Nos 50, 57, 52, 58)**

I.    **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's motions to vacate (ECF No. 50, 57) be **DENIED** and that the civil case be **DISMISSED**. It is further recommended that Petitioner's motions for appointment of counsel be denied as moot. (ECF Nos. 52 & 58.)

II.    **REPORT**

    A.    **Background**

Petitioner pleaded guilty to count one of an indictment charging him with murder in the second degree in violation of 11 U.S.C. § 1111(a) pursuant to a Rule 11 plea agreement on January 27, 2020. (ECF No. 28.) On May 13, 2021, a judgment entered sentencing Petitioner to 190 months of incarceration to be followed by five years of supervised release. (ECF No. 41.) Petitioner filed a notice of appeal but then moved to voluntarily dismiss the appeal. (ECF No 46). The motion was granted by the Sixth Circuit Court of Appeals, dismissing his appeal on August 19, 2021. (ECF Nos. 48.) On April 8, 2022, Petitioner filed the instant motion to vacate

sentence (ECF No. 50) and an amended motion was filed on April 27, 2022. (ECF No. 57.) The government responded (ECF No. 60) and the motions are ready for resolution.

    **B.    Standards**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense—not what bears a false label of 'strategy'—based

on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim of ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance

3

affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (citations omitted). However, the Supreme Court has explained that "'*Hill* does not . . . provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487–8 (6th Cir. 2018) (quoting *Missouri v. Frye*, 566 U.S. 134, 141–2 (2012) and *citing Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

    **C.**     **Analysis and Conclusions**

Here, Petitioner contends that counsel was ineffective for the following reasons: (1) he "[n]ever objected to evidence being admitted by the prosecution [and] failed to investigate the malice aforethought element" (2) he "failed to investigate element of malice aforethought" where there was "insufficient evidence to prove the essential elements of second-degree murder"; (3) he "fail[ed] to secure a plea offer to a lesser offense"; and (4) he "failed to have competency hearing due to speech impediment[.]" (ECF No. 50.) In his amended motion, Petitioner adds, with respect to his argument under the third ground listed above, that he "wanted to go to trial, but wanted to spare all the parties the stress of a trial. Also, counsel advised against going to trial, told me I would lose." (ECF No. 57, PageID.226.)

Petitioner's concern regarding the malice aforethought element is evidenced in his first and second grounds. During the plea colloquy, as quoted in the Government's response,

4

government counsel quoted the statute and explained the definition of malice aforethought and the court explained to Petitioner that the element was met where "you didn't necessarily act with an intent to kill, but you acted in a way that someone could be killed and you ignored that possibility and went ahead and acted." (ECF No. 37, PageID.145.) When asked whether that helped Petitioner understand, he responded, "I mean, it does…" (ECF No. 37, PageID.145.) In the instant case, the factual basis shows that Petitioner consumed alcohol as well as marijuana, fentanyl, and diazepam before driving on the day in question. (ECF 28, PageID.83.) Petitioner drove over 100 miles per hour in a 45 mile per hour zone with limited visibility due to a hill obstructing even a view of a short distance ahead. (*Id.*) Five hours after the collision, Petitioner's blood alcohol was 0.191, over twice the 0.08 limit in Michigan. (*Id.*). Petitioner collided with another car and the passenger in his vehicle was killed due to blunt force injuries to the abdomen. (*Id.*)

Although Petitioner argues that there was insufficient evidence to support the element of malice aforethought, numerous cases have held that driving in a very intoxicated state under like circumstances is sufficiently reckless and wanton to satisfy the malice aforethought element of second-degree murder under federal law. *See, e.g., United States v. Sheffey*, 57 F.3d 1419, 1431 (6th Cir. 1995)(sufficient evidence for second degree murder under § 1111 where defendant drove while drunk and under the influence of prescription drugs even though defendant testified that he did not intent to hurt anybody); *United States v. Nez,* 1999 WL 35808365, at * 2 (D. N. M. Oct. 1, 1999)(evidence was sufficient where defendant's blood alcohol level was three times the legal limit and he drove recklessly at a high speed, swerved and crossed the line). Therefore, counsel cannot be ineffective for failing to make an argument that was doomed to fail. *United*

States v. Raglin, 2018 WL 7286510, at *12 (E.D. Ky Apr. 24, 2018), citing *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013)("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

As to counsel's alleged failure to secure a plea to a lesser offense, the failure was not for lack of trying. Counsel cites, and government counsel confirms, numerous instances where defense counsel zealously argued for a plea to a lesser offense with government counsel. (ECF No. 60, PageID.249-250; 253.) Counsel is not ineffective merely because his or her arguments do not prevail. *Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009).

As to Petitioner's claim that he wanted to go to trial, he himself qualifies that statement by saying that he "wanted to go to trial, but wanted to spare all the parties the stress of a trial." (ECF No. 57, PageID.226.) His own explanation reveals that he really did not want to go to trial. In addition, at the plea hearing, the court informed Petitioner that he would not be able to successfully argue, at a later date, that he "pled guilty to get it over with or because [his] lawyer said it was a good deal but you're not really guilty[,]" Petitioner responded that he understood that he would not be able to make such arguments successfully. (ECF No. 37, PageID.146.) Finally, when asked whether he was pleading guilty because he is guilty, and when asked whether he was pleading guilty freely and voluntarily, Petitioner responded, "Yes." (ECF No. 37, PageID.147.) I therefore suggest that Petitioner's qualified statement that he wanted to go to trial is insufficient to undermine his other statements that he wanted to spare the parties the stress of trial and his sworn statements at the plea colloquy that he was pleading guilty freely and voluntarily; that he was pleading guilty because he was guilty; and that he understood he could not make arguments inconsistent with his plea at a later date. *Barnett v. United States*, 2017 WL

6

4083719, at *2 (6th Cir. Aug. 30, 2017)(Petitioner is "bound by these answers during the plea colloquy."); *Warfield v. United States*, 2011 WL 4436520, at *5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). Accordingly, I suggest that this ground does not merit relief either.

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion. I further recommend that Petitioner's motion for appointment of counsel be denied as moot since there is no need for an evidentiary hearing at which counsel could assist Petitioner.

### E.   Conclusion

For the reasons stated above, I recommend the motions to vacate (ECF No. 50, 57) be **DENIED** and the civil case be **DISMISSED**. It is further recommended that Petitioner's motions for appointment of counsel be denied as moot. (ECF Nos. 52 & 58.)

## III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 28, 2022                              S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge